UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN PAUL JAFFARIAN, II,

Plaintiff, 9:26-CV-0388 (AJB/MJK)

v.

KINGSLEY, Corrections Officer,

Defendant.

APPEARANCES:

JOHN PAUL JAFFARIAN, II
Plaintiff, pro se
24-R-1125
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

ANTHONY J. BRINDISI
United States District Judge

**DECISION AND ORDER**

## I. INTRODUCTION

In March 2026, pro se plaintiff John Paul Jaffarian, II ("plaintiff") commenced this action by filing a complaint pursuant to 28 U.S.C. § 1983 ("Section 1983") with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). In an Order filed on March 13, 2026, the Court denied plaintiff's IFP application, as incomplete, and afforded him an opportunity to either pay the filing fee or submit a completed and signed IFP application. Dkt. No. 4. In response, plaintiff filed an amended complaint (Dkt. No. 5) and second IFP application (Dkt. No. 8). In the amended complaint, plaintiff asserted Eighth

Amendment excessive force and deliberate medical indifference claims against defendants Officer Kingsley ("Kingsley") and Commissioner Martuscello ("Martuscello") related to an incident that occurred at Marcy Correctional Facility ("Marcy C.F.") in August 2024. *See generally* Am. Compl.

In a Decision and Order entered on May 11, 2026 (the "May 2026 Order"), the Court granted plaintiff's IFP application and reviewed the amended complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A)(b). Dkt. No. 9. Upon review, the Court found that plaintiff's Eighth Amendment excessive force and deliberate medical indifference claims against Kingsley survived review and required a response. *Id*. The Court dismissed plaintiff's claims against Martuscello, without prejudice. *Id.* In May 2025, a summons was issued to Kingsley.[1] Dkt. No. 11.

On July 30, 2026, plaintiff filed a motion for reconsideration. Dkt. No. 16.

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) reconsideration becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

---

[1] The summons was returned on June 22, 2026 as "unexecuted" with a letter from the New York State Department of Corrections and Community Supervision ("DOCCS") that "defendant David Kingsley is an individual currently incarcerated at Elmira Correctional Facility." Dkt. No. 14. On June 29, 2026, the summons was reissued to Kingsley at Elmira C.F. and on August 13, 2026, it was returned as "unexecuted." Dkt. Nos. 15, 18. On August 21, 2026, the summons was reissued, via personal service. Dkt. No. 19. As of the date of this Decision and Order, the summons has not been returned and Kingsley has not acknowledged service.

1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*; *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (holding that a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' "). Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

**B. Analysis**

Plaintiff moves to reconsider the portion of the May 2026 Order that dismissed his Eighth Amendment claims against Martuscello. Dkt. No. 16 at 1. Plaintiff does not cite to any intervening change in controlling law but relies upon evidence which, he argues, was not previously available and upon existing caselaw which he claims the Court overlooked and thus, presents "a clear error of law."

**1. Timeliness**

Motions for reconsideration are governed by Local Rule 60.1 which provides, in pertinent part, "party may file and serve a motion for reconsideration or reargument no later than fourteen days after the entry of the challenged judgment, order, or decree." N.D.N.Y.L.R. 60.1.

In this case, the subject order was issued on May 11, 2026. Dkt. No. 9. Plaintiff submitted the within motion on July 23, 2026[2], *see* Dkt. No. 16 at 11, beyond the fourteen

[2] Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his motion to a prison guard for mailing to the court, which is presumed to be the date that the motion was signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

days prescribed by the Local Rule. Dkt. No. 16 at 23. Plaintiff has not provided any explanation for the delay in filing the within motion, other than his "incarcerated status." *See* Dkt. No. 16 at 1. However, this "status" is not new. Indeed, plaintiff was incarcerated at Marcy C.F. when he filed his applications to proceed IFP, his original complaint, and amended complaint, which survived this Court's review. *See U.S. v Eighty-One (81), Sixteen (16) & Seventy-Three (73) Illegal Gambling Devices*, No. 91-CV-855 (NPM), 1992 WL 59174, at *1 (N.D.N.Y. Mar. 12, 1992) (denying motion for reconsideration based upon the argument that the plaintiff was unable to prepare due to his incarceration). Thus, this fact, without more, does not excuse his delay in filing his motion to reconsider. Accordingly, the motion is untimely.

Even assuming that the motion was timely served, plaintiff presents no basis for reconsideration of the May 2026 Order.

**2. "New Evidence"**

Plaintiff claims he discovered new "information" related to a "widespread de facto policy [. . .] across DOCCS of failing to hold correctional officers accountable for using excessive force[.]" Dkt. No. 16 at 2.

"When newly discovered evidence is the basis for reconsideration for dismissal of a claim, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence" when he filed his complaint. *See U.S. v. Morrison*, No. 04-CR-699, 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007) (citations omitted). "A motion for reconsideration is not 'an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have

been previously advanced.' " *Pearson v. Annucci,* No. 9:20-CV-01175 (TJM), 2023 WL 2537722, at *2 (N.D.N.Y. Mar. 16, 2023) (citation omitted).

Here, plaintiff's "evidence" consists of new allegations related to August 2024 incident, the impact of the alleged assault upon plaintiff, Kingsley's "use of inmates to maintain order in the dorm on unspecified dates, Kingsley's use of force on another inmate in a different facility, and witness statements. *See generally* Dkt. No. 16. The Court has thoroughly reviewed the submission and finds nothing in plaintiff's motion to suggest that these facts are "new" or were unavailable to plaintiff when the amended complaint was filed. *See Reeder v. Uhler*, No. 9:16-CV-1161 (MAD/DJS), 2018 WL 10038801, at *3 (N.D.N.Y. July 17, 2018) (citations omitted). The incident involving the other inmate occurred in December 2024(*see Dixon v. Farina*, No. 9:25-CV-00068 (AMN/ML), 2026 WL 482664 (N.D.N.Y. Feb. 20, 2026), and one witness statement is dated October 29, 2025 (Dkt. No. 16 at 14). Thus, these facts were "available" to plaintiff when he filed his amended complaint on March 19, 2026. Furthermore, these "new facts" relate to plaintiff's Eighth Amendment claims against Kingsley, which are not part of plaintiff's motion for reconsideration and have no bearing on the issues before the Court.

Accordingly, the aforementioned facts and statements do not provide proper support for the motion for reconsideration of the Court's May 2026 Order.

**3. Error of Law**

Construing the complaint liberally, plaintiff claims that the Court overlooked binding authority in support of plaintiff's assertion that Martuscello violated his Eighth Amendment rights, which amounts to "a clear error of law." Specifically, plaintiff cites to *Damas v. Bartlett*,

No. 25-CV-0775 (BKS/ML), 2026 WL 2333951 (N.D.N.Y. Aug. 12, 2026) and *Dixon*, 2026 WL 482664.

Upon review, the Court finds that these cases are factually and legally dissimilar and do not support plaintiff's request for reconsideration.

In *Damas*, the plaintiff alleged that Martuscello was aware of a pattern, practice, and custom of excessive force by officers at Mid-State Correctional Facility. *See Damas*, 2026 WL 2333951, at *3. Here, plaintiff's claims arise from his confinement at Marcy C.F. Further, in *Damas*, the plaintiff alleged several specific facts related to Martuscello's personal involvement including his decision to place an officer on a "disciplinary period" following an incident, the existence of a New York Court of Claims suit arising from another incident, and an OSI report which Martuscello was "tasked with reviewing." *Id.* at * 9. Here, plaintiff has presented no such facts. Indeed, the amended complaint contains only four references to Martuscello and all involve unsupported conclusory allegations.[3]

In *Dixon*, while the incidents occurred at Marcy C.F., the plaintiff alleged a "failure to protect" claim against Martuscello, not an excessive force claim. *Dixon,* 2026 WL 482664, at *13. The District Court noted the importance of this distinction because "alleged violence was not a necessary element" and "a failure to protect claim under the Eighth Amendment requires that an official 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety;' not necessarily that the official also create that risk." *Id*. at 14 (internal citations omitted). In support of the failure-to-protect claim, the plaintiff set forth allegations related to

[3] Plaintiff claims: (1) Martuscello was "responsible for operations, safety and civil rights in prisons statewide;" (2) the "unspoken policy of Martuscello allow[ed] a so called 'hands on' practice embolden[ing] officers to beat prisoners as a form of punishment;" (3) Martuscello's "ratification of this policy envinced [sic] deliberate indifference towards plaintiff's [Eighth Amendment] rights and directly facilitated plaintiff's damages; and (4) Martuscello endorsed the policy and "acted in complete recklessness." *See generally* Am. Compl.

Martuscello's personal involvement including specific facts regarding public statements and private communications informing Martuscello of the risk of violence with respect to the individual defendants. *Id*. Thus, the District Court concluded that the allegations suggested "numerous ways" in which Martuscello "was aware of the risk created by the Policy, but disregarded that risk and permitted the Policy to continue" at Marcy C.F. *Id.* at *15, 16. Here, plaintiff does not assert a failure-to-protect claim against Martuscello, rather he alleges that Martuscello "endorsed" and "enabled" a "hands on policy" violating plaintiff's right to be free from excessive force.[4] *See* Am. Compl. at 1, 3. Moreover, as noted *supra*, the amended complaint contains only cursory assertions related to Martuscello and lacks the "well-pled allegations regarding [Martuscello's] involvement" that were present in Dixon's complaint. *See Dixon*, 2026 WL 482664, at * 16.

Thus, the aforementioned cases do not represent controlling authority that the Court overlooked in support of reconsideration. Thus, plaintiff's motion, on this ground, is denied.

**4. Remaining Arguments**

To the extent that plaintiff seeks to "incorporate [his submission] by reference," including the exhibits, that request is denied. *See* Dkt. No. 16 at 1, 7. As noted *supra*, a motion for reconsideration is not the proper means by which to assert new facts and claims or amend a pleading. *See Wood v. Dill*, No. 9:21-CV-0107 (GTS/ML), 2021 WL 4621400, at *2 (N.D.N.Y. Oct. 7, 2021) ("insofar as plaintiff would like for the Court to consider new claims

---

[4] Plaintiff seemingly understands this distinction as he states, "a failure to protect claim under [the] Eighth Amendment requires that an official 'know [ ] of and disregard[ ] an excessive risk to inmate health or safety; not necessarily that the official also create the risk." *See* Dkt. No. 16 at 10. To the extent that plaintiff seeks to amend his complaint and assert a cause of action against Martuscello for "failure-to-protect," that request is denied. *See Zimmerman v. Racette*, No. 9:17-CV-0375 (TJM/CFH), 2018 WL 3964704, at *4 (N.D.N.Y. Aug. 13, 2018) (rejecting the plaintiff's attempt to assert new supervisory claims in a motion for reconsideration).

that were not asserted in the original complaint, and/or any of the new factual information detailed in the [m]otion for [r]econsideration in support of any of the Section 1983 claims that were dismissed without prejudice [ . . . ], plaintiff must amend his complaint").

Further, to the extent that plaintiff attempts to "incorporate the entire case of *Dixon* by reference," *see* Dkt. No. 16 at 10, that request is denied as it is not only improper on a motion for reconsideration, but in conflict with the Federal Rules of Civil Procedure. *See Jackson v. Heyns*, No. 1:13-CV-636, 2013 WL 6007503, at *2, n.4 (W.D. Mich. Nov. 13, 2013) (noting that "the mere filing of another civil rights complaint is not relevant to the instant case, and Plaintiffs may not simply incorporate by reference allegations made in another complaint"); *see also Knox v. Arguello*, No. 3:09-CV-00559, 2010 WL 2723257, at *3 (D. Nev. July 7, 2010) (rejecting the plaintiff's attempt to incorporate by reference, allegations made in another civil rights complaint); *see also Students Against Racial Discrimination v. Regents of Univ. of Californi*a, 812 F.Supp.3d 1046, 1057 (C.D. Cal. 2025) ("While Rule 10(c) allows for a statement in another pleading to be adopted by reference, a plaintiff may not 'adopt pleadings from a wholly separate action,' even when that separate action involves the same parties.") (citation omitted).

While plaintiff disagrees with the May 2026 Order, plaintiff has not made any showing that reconsideration is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts

and arguments that the Court already considered and rejected"). Therefore, plaintiff's motion for reconsideration (Dkt. No. 16) is denied.

## III. CONCLUSION

**WHEREFORE, it is**

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**Dated:** September 8, 2026

Utica, New York

Anthony J. Brindisi
U.S. District Judge